UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHARLES AND KRISTINA JENNINGS,<br><br>Plaintiffs,<br><br>v.<br><br>BANKUNITED, et. al.,<br><br>Defendants. | 3:15-cv-00334-MMD-WGC<br><br>**ORDER**<br><br>Re: Doc. # 1 |

Before the court is an application to proceed in forma pauperis in this matter (Doc. # 1) and motion for appointment of counsel (Doc. # 1-3).

## I. APPLICATION TO PROCEED IN FORMA PAUPERIS

A person may be granted permission to proceed in forma pauperis if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915; *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that this provision applies to all actions filed in forma pauperis, not just prisoner actions).

In addition, the Local Rules of Practice for the District of Nevada provide: "Any person, who is unable to prepay the fees in a civil case, may apply to the Court for authority to proceed *in forma pauperis*. The application shall be made on the form provided by the Court and shall include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"'[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty.'" *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 823, 725 (9th Cir. 1960)). A litigant need not "be

1 absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont De Nemours &*
2 *Co.*, 335 U.S. 331, 339 (1948).

3 Here, Plaintiffs have an application to proceed in forma pauperis setting forth the earnings information for Kristina "Kris" Jennings, as well as a statement of her assets, liabilities and persons whom depend on her for support. According to Ms. Jennings, her take-home wages are $900.25 bi-weekly or $1,800.50 per month. (Doc. # 1 at 1.) She identifies monthly expenses in the amount of approximately $910, and states that she has four minor children dependent on her for support. (*Id*. at 2.) She is behind on her utility payments, however, her other debts were discharged in her bankruptcy case. (*Id*.) Based on the application, the court finds it is unlikely Plaintiff could pay the $350 filing fee and her application to proceed in forma pauperis is granted.

Charles Jennings, however, did not submit an application to proceed in forma pauperis. The filing fee must be paid unless *each* plaintiff files his or her own application to proceed in forma pauperis and is subsequently granted leave to proceed in forma pauperis. Charles Jennings is directed to file his own application to proceed in forma pauperis or pay the $350 filing fee and $50 administrative fee within fourteen days of the date of this Order.

## II. MOTION FOR APPOINTMENT OF COUNSEL

A motion for appointment of counsel was filed with the application to proceed in forma pauperis. (Doc. # 1-3.) The following are cited as reasons that counsel should be appointed in this case: (1) Plaintiffs allege facts under which meritorious claims *might* be proved and belief this case will result in protracted litigation; (2) the case involves a mortgage fraud claim and the issue of the foreclosure of real property with accompanying breach of contract claims and issues relative to a bankruptcy proceeding involving Plaintiffs; (3) they will request discovery and expert witnesses may be utilized; (4) Plaintiff's cannot afford an attorney, and they assert allegations regarding the actions taken by their former attorneys in connection with the loan modification and mediation process and bankruptcy proceeding; (5) the issues are complex;

(6) they are not skilled in the law; (7) the defendants have counsel; and (8) appointing an attorney will serve the ends of justice because the court system will not be clogged with persons who do not know what they are doing.

Generally, a person has no right to counsel in civil actions." *Palmer v. Valdez,* 560 F.3d 965, 970 (9th Cir. 2009) (citation omitted); *see also United States v. $292,888.04,* 54 F.3d 564, 569 (9th Cir. 1995). 28 U.S.C. § 1915, however, governs in forma pauperis proceedings and provides that the court may request an attorney to represent a person who cannot afford counsel. 28 U.S.C. § 1915(e)(1). Such an appointment is within the court's discretion, and should only be done when "exceptional circumstances" are present. *Palmer*, 560 F.3d at 970 (citation omitted); *Agyeman v. Corrs. Corp. of Am.,* 390 F.3d 1101, 1103 (9th Cir. 2004) (quoting *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986)). In determining whether these circumstances exist, "a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Palmer,* 560 F.3d at 970 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir 1983)); *Agyeman*, 390 F.3d at 1103. "Neither of these considerations is dispositive and instead must be viewed together." *Palmer,* 560 F.3d at 970 (citation omitted).

Ms. Jennings has not addressed the likelihood of success on the merits, other than to say that they have alleged facts which *might* prove to be meritorious. This is a far cry from demonstrating a *likelihood* of success on the merits. Moreover, the motion for appointment of counsel and complaint reveal that Ms. Jennings is capable of articulating her claims pro se. While the complaint asserts many claims, the court is faced with a large number of complaints asserting similar claims and does not deem the allegations surrounding the alleged impending foreclosure to be particularly complex. While the parties will certainly engage in discovery, that is true of most every civil action. It is argued that Plaintiffs may need to utilize an expert witness, but they do not highlight how an expert witness might be utilized in this case. While Plaintiffs cannot afford an attorney and are not skilled in the law, these are the circumstances that confront nearly every pro se litigant in this district, and the court cannot conclude this case rises to the

1  level of "exceptional circumstances" on those bases. For these reasons, the motion for
2  appointment of counsel is denied.

### III. CONCLUSION

(1) Plaintiff Christina Jennings' application to proceed in forma pauperis (Doc. # 1) is **GRANTED**. Plaintiff Christina Jennings is permitted to maintain this action without the necessity of prepayment of fees or costs or the giving of security therefor. This order granting in forma pauperis status does not extend to the issuance of subpoenas at government expense.

(2) Plaintiff Charles Jennings shall file an application to proceed in forma pauperis on his own behalf or pay the $350 filing fee and $50 administrative fee within **FOURTEEN DAYS OF THE DATE OF THIS ORDER**. Plaintiff is advised that a failure to file an application to proceed in forma pauperis or pay the $350 filing fee and administrative fee within the time period specified above may result in dismissal of the action as to Charles Jennings.

(3) The Clerk shall **FILE** the Complaint (Doc. # 1-1) and Civil Cover Sheet (Doc. # 1-2), Motion for Appointment of Counsel (Doc. # 1-3), and the Verified Emergency Petition for Temporary Restraining Order and/or Preliminary Injunction Against Unlawful Retainer (Doc. # 1-5).

(4) The Clerk shall **ISSUE** to Plaintiff Christina Jennings a summons for each named defendant. Plaintiff Christina Jennings has not requested that service be effectuated by the U.S. Marshal; therefore, she is responsible for initiating service of a summons and the complaint upon each of the defendants in accordance with Rule 4(c) of the Federal Rules of Civil Procedure. Plaintiff may be able to serve the defendants by mail with the summons and complaint, but *only* if the defendants agree to service by mail pursuant to the process for requesting a waiver of service described in Federal Rule of Civil Procedure 4. If Plaintiff wishes to make service by mail she must complete both Form 398 (Notice of Lawsuit and Request for Waiver of Service) and Form 399 (Waiver of Service of Summons) and follow the directives of Rule 4 for accomplishing service in this manner. Plaintiff is reminded that, pursuant to Federal Rule of Civil Procedure 4(m), service must be accomplished within 120 days of the date of this Order.

1  (5) From now on, Plaintiff shall serve upon the defendants, or if an appearance has been entered by counsel, upon the attorney for the defendant, a copy of every pleading, motion or other document submitted for consideration by the court. Plaintiff shall include with the original paper filed with the court a certificate stating the date that a true and correct copy of the document was served, indicating the manner of service, to the defendant or counsel for the defendant. The court may disregard any paper which has not been filed with the clerk or the court, and any paper that fails to include a certificate of service.

(6) The motion for appointment of counsel (Doc. # 1-3) is **DENIED**.

(7) The court reserves its right to screen and dismiss the complaint or any portion of the complaint if it determines at any time that any part of the action is frivolous or malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

**IT IS SO ORDERED.**

Dated: June 24, 2015.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE